UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHESTER A. WILSON, | ) | CASE NO. 5:10cv1530 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| WELLS FARGO HOME | ) | |
| MORTGAGE, INC., aka Wells Fargo | ) | |
| Bank, N.A., | ) | |
| | ) | |
| RESPONDENT. | ) | |

This action was originally filed in the Court of Common Pleas of Stark County, Ohio. Defendant Wells Fargo Home Mortgage, Inc., aka Wells Fargo Bank N.A., removed the case to this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332. Plaintiff Chester A. Wilson alleges that the Defendant may not be the creditor on a note and therefore not the real party in interest in a foreclosure action. He questions the authority of all dates and signatures on all documents. No facts are set forth in the Complaint.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to

trial." *Price v. Caruso*, 451 F. Supp. 2d 889, 893 (E. D. Mich. 2006) (quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reason stated below, this action is dismissed.

The Complaint merely consists of Plaintiff's conclusion that a mortgage is invalid and that foreclosure is inappropriate. Absent are any facts demonstrating that Plaintiff is somehow involved with the Defendant. Because the Complaint is so weak and unsubstantial, it must be dismissed pursuant to *Iqbal*, 129 S. Ct. at 1949. Accordingly, this action is dismissed.

**IT IS SO ORDERED**.

Dated: August 11, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**